(No. 4137 

OLIVER LEADLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 7, 1949.*

BRIAN T. WILSON AND HARRY C. HEYL, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR. NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Oliver Leadley, was first employed by the Division of Highways on October 25, 1926, as a maintenance patrolman. He continued in this position until February 1, 1933, when he resigned. He again re-entered State employment on April 1, 1941 as an extra gang foreman. He continued in this capacity until the date of the alleged injury on November 10, 1947. The salary of Mr. Leadley previous to his injury on November 10, 1947, totaled $2,515.00.

On November 10, 1947, Mr. Leadley was in charge of a group building a concrete culvert drop box about one mile west of Mackinaw on Route 9 in Tazewell County. The job for the day was to pour a concrete footing at the bottom of a 15-foot hole. They began pouring the concrete early in the morning. About eleven o'clock that morning the sky became overcast and intermittent

rain began to fall. The evidence showed that unless the concrete was completed in the footing before heavy rain set in, all of the previous work and material would be lost. That in order to speed up the work, Mr. Leadley got down into the hole to puddle and properly place the fresh concrete. The men on the ground above poured the concrete into the form as rapidly as Mr. Leadley could take care of it.

This work continued through the noon hour and until three o'clock that afternoon when it was completed.

Sometime after one o'clock P.M., Mr. Leadley felt a sharp pain in his left chest and noticed that he was short of breath; however, because of the urgency of the task, work was continued until the footing was completed.

That after completing the work down in the hole, Mr. Leadley lifte dthe concrete mixer by himself, which the evidence shows was a two-man job, and also lifted the water pump and the hose, which was also a two-man job. And he did this in order to get the mixer and the pump off of the highway.

That after completing the work, Mr. Leadley and the group ate their lunch. Mr. Leadley ate a few bites, but became ill and vomited what he had eaten. After eating their lunch the group started for their headquarters at Peoria, and Mr. Leadley was driving the truck; however, they had only gone a short distance when Mr. Leadley became violently ill and asked his helper to drive for him. By the time the truck had reached East Peoria, Mr. Leadley was so ill that the helper, in alarm, stopped at the office of the nearest physician, Dr. W. A. Lowy, for aid.

Dr. Lowy testified that he examined Mr. Leadley about 3:30 in the afternoon on November 10, 1947, and that from his examination he concluded that Mr. Leadley

had had a heart attack. That he had him removed to St. Francis Hospital in Peoria, Illinois, where he remained until December 15, 1947. That a few days after Mr. Leadley was admitted to the hospital, Dr. Lowy had an electrocardiogram made, and a few days before he was sent home from the hospital on the first occasion, he had another electrocardiogram made. Dr. Lowy saw Mr. Leadley periodically through March and April of 1948, and he was again brought to St. Francis Hospital May 31st, where he remained through June 3rd and at that time was brought back because of paint fume poisoning. That on June 1, 1948 Dr. Lowy again took another electrocardiogram. That in the doctor's opinion the electrocardiogram shows that Mr. Leadley had sustained a coronary thrombosis on November 10, 1947 and that the future examination by the electrocardiogram showed his old heart attack, but nothing new. That in his opinion the only heart attack that Mr. Leadley ever sustained was the one on November 10, 1947. That in his opinion the coronary thrombosis which he found on November 10, 1947 was caused from over-exertion, and from the type of work he was doing on November 10, 1947. That the condition he found, relative to his heart, was permanent and that it would prevent Mr. Leadley from doing any manual labor.

The evidence shows that Mr. Leadley never had any previous physical trouble before, with the exception of minor cold ailments. That he took a physical examination when he applied for the State job and before he resumed work for the State. The evidence further shows that Mr. Leadley had worked hard all of his life and that the only kind of work that he ever performed was manual labor.

The facts show that Mr. Leadley returned to light

supervisory work on July 1, 1948, and continued on that basis until November 23, 1948 when he was unable to continue work, and that he has not done any work since that time, either manual or otherwise.

The facts show that Mr. Leadley was paid compensation from November 10, 1947 until July 1, 1948. That he was again placed on compensation beginning November 23, 1948 until November 30, 1948, when he filed a claim with the Court of Claims.

The burden on the claimant was to prove that the physical disability of the claimant was the result of an accident arising out of and in the course of his employment. This rule is too well settled to require any extended citation of authorities, either in the Court of Claims, or by any other decisions of the State Court.

In this case the undisputed evidence is that Leadley's disability was caused by a coronary thrombosis. The proof, without question, shows that coronary thrombosis of the heart may result from over-exertion from manual labor. The record in this case shows that on the day in question, on November 10, 1947, Leadley had performed considerable extra work in the course of his employment. That because of rain the men working felt that all of their labor would be lost, and materials used in pouring the footing would also be lost, unless the work could be accomplished before heavy rain set in. That in order to speed up the work, Mr. Leadley got down into the hole himself and puddled the concrete, and took care of it as fast as the men poured it down into the form, and that this work continued on through the noon hour until sometime around 3 o'clock in the afternoon; and at that time Mr. Leadley, himself, lifted the concrete mixer and the pump and hose, which ordinarily was the work of two men, off the hard road. This character of

work subjected Mr. Leadley to unusual exertion. The unusual exertion, basically and logically, resulted in the condition as found by Dr. Lowy. Mr. Leadley suffered the attack at a place where the duties of his employment required him to be, and while he was in the discharge of those duties. There can be no question about this, as there is no dispute of these facts in the evidence.

In the opinion of the Court the facts in this case are almost identical with that set forth in *Fittro* vs. *Industrial Commission*, 377 Ill. page 532, where the Court on page 538-539 said:

"The evidence shows that over-exertion and fatigue is liable to induce and bring about acute dilation of the heart. The proof further shows that during the day preceding and up to the time of the accident, Fittro, in the discharge of his duties under his employment was subjected to unusual exertion and activity of a character which was calculated to bring about an acute dilation of the heart."

As said by this Court, in the *City of Joliet* vs. *Industrial Commission,* supra:

"The attack was suffered at a definite time and place and the cause of attack arose out of and in the course of the employment. This brings the case clearly within the definition of an accidental injury, within the meaning of the Act."

There is no dispute that statutory notice of the injury was given within the time required by the statute and that notice of and the filing of the claim was made within time.

From the additional medical testimony and other evidence in support thereof at a hearing ordered by the Court on November 14, 1949, it is determined that claimant is permanently disabled at the present time.

After a careful consideration of the record, we conclude that the claimant is entitled to an award. We therefore make the following findings:

That the claimant and the respondent were on the 10th day of November, 1947, operating under the provi-

sions of the Workmen's Compensation Act; that on the date last mentioned above, said claimant sustained accidental injuries; and that said accidental injuries arose out of and in the course of his employment; that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent within the time required under the provisions of said Act.

That the earnings of the claimant during the year next preceding the injury were $2,515.00.

That the claimant at the time of his injury was 55 years of age and had no children under 16 years of age dependent upon him for support.

That all medical and hospital expenses and other expenses have been paid by the respondent and there are no further claims made for such expenses.

The testimony on hearing before Commissioner Jenkins was transcribed by Mary I. Reynolds, who has submitted a statement of $52.00 for her services. This charge is reasonable and proper.

The testimony on the last hearing before Commissioner Wise was transcribed by Mary I. Reynolds, who has a statement of $58.40 for her services. This charge is reasonable and proper.

The claimant is, therefore, entitled to an award of $5,200.00, less the sum of $92.96, paid said claimant for non-productive time, or the sum of $5,107.04.

An award is therefore entered in favor of the claimant, Oliver Leadley, in the amount of $5,107.04, payable as follows:

$1033.50 being 53 weeks @ $19.50 per week, less $92.96 overpayment equals $940.54, which has accrued and is payable forthwith; and the balance of $4166.50 to be paid in weekly installments of $19.50 per week beginning December 14,

> 1949 for a period of 213' weeks with a final payment of $13.00,
>
> And thereafter a pension for life in the sum of $416.00 annually, payable in monthly installments of $34.66.

Future payments being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, the jurisdiction of this cause is specifically reserved for the entry of such other future orders as from time to time may be necessary.

An award is also made in favor of Mary I. Reynolds for stenographic services in the total amount of $110.40, which is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation award to State employees."